UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 CR 90-10 |
| v. | ) | |
| | ) | Chief Judge Rubén Castillo |
| STEVEN PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Presently before the Court is the *pro se* motion of Steven Perez to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] (R. 1865.) For the following reasons, the motion is denied.

The Court has limited authority to modify a sentence after it is imposed. *See* 18 U.S.C. § 3582(c). However, a sentence may be modified under the following circumstances:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction in a defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2), and is not consistent with the applicable policy statements, if the amendment would not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10, Application Note 1(A).

Here, Perez seeks a modification of his sentence pursuant to Amendment 782, which reduced the base offense levels assigned to drug quantities listed in U.S.S.G. § 2D1.1 by two

---

[1] An attorney from the office of the Federal Defender has filed a report reflecting that she reviewed Perez's *pro se* motion and "has nothing to add at this time." (R. 1878).

levels. *See* U.S.S.G. § 1B1.10(d); *Id.*, Supp. to App'x C, amend. 782 (2014). In effect, "Amendment 782 and § 3582(c)(2) make drug sentences . . . more lenient." *United States v. Salinas-Ospina*, 622 F. App'x 577, 579 (7th Cir. 2015). The amendment does not have the effect of lowering Perez's guideline range, however, because Perez was not convicted of a drug offense. He was convicted of participating in a racketeering conspiracy with a special finding that he was responsible for three attempted murders in furtherance of that conspiracy. *United States v. Perez*, 673 F.3d 667, 668 (7th Cir. 2012). His sentence was imposed for that offense and not based on any drug calculation. Accordingly, Amendment 782 offers him no relief. *See, e.g., United States v. Berg*, No. 16-2948, 2016 WL 7036894, at *1 (7th Cir. Dec. 2, 2016) (holding that defendant who was sentenced for a firearms offense was not eligible for a reduction under Amendment 782); *United States v. Acrey*, 638 F. App'x 538, 539 (7th Cir. 2016) (holding that Amendment 782 offered no relief to defendant whose sentence was not based on the drug tables).

## CONCLUSION

For the foregoing reasons, Steven Perez's *pro se* motion for modification of his sentence (R. 1865) is DENIED.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: February 1, 2017**

2